# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MARK NAGRANI, M.D., INC.,**

        **Plaintiff,**

**-vs-**                               **Case No. 6:05-cv-1045-Orl-28KRS**

**PARVEZ MANTRY, M.D.,**

        **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **DEFENDANT'S MOTION TO COMPEL DISCLOSURE OF LOST PROFITS (Doc. No. 15)**
>
> **FILED:**      **November 23, 2005**
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

This case arises from an employment contract under which Defendant Parvez Mantry, M.D., agreed to work for Plaintiff Mark Nagrini, M.D., Inc. (Nagrini). As part of the contract, Mantry was required to obtain an immigration work visa to be eligible to work in Florida. Nagrini assisted Mantry in obtaining the visa. After the visa application was approved, Mantry notified Nagrini that he would not work for Nagrini. Nagrini brought the present breach of contract against against Mantry, seeking damages that include the revenues Nagrini would have received had Mantry worked for Nagrini.

The instant dispute arises from Nagrini's alleged failure to produce a computation of lost profit damages and supporting documents as required by Federal Rule of Civil Procedure 26(a)(1)(C).[1] Initially, Nagrini stated that it estimated that the lost profits would be approximately $256,250.00. It also produced six documents that showed the actual collections of a former physician employee whose position Mantry was anticipated to fill. After the motion to compel was filed, Nagrini served a supplemental disclosure stating that lost profits were calculated assuming that Mantry would generate an annual profit of approximately $205,000.00. Mantry argues that this is still insufficient because the basis for assuming this annual profit was not disclosed.

Rule 26(a) provides that initial disclosures must be "based on the information then reasonably available to [the disclosing party] . . . ." In the case of estimated lost profits, the damages calculation is necessarily speculative. In this case, Nagrini provided both damage estimates and documents showing what another physician's collections were, which provide some basis to support an estimate of the profits Nagrini would have made had Mantry, also a physician, worked for Nagrini pursuant to the employment contract. Under these circumstances, I find the disclosure to be adequate. Of course,

---

[1] Rule 26(a)(1)(C) provides as follows:
> [A] party must . . . provide to other parties: . . . a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computations is based . . . .

if Nagrini subsequently refines this damage estimate, he must promptly disclose the revised estimate and produce any documents that support the revised estimate.[2]  Fed. R. Civ. P. 26(e).

**DONE** and **ORDERED** in Orlando, Florida on December 8, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] Nagrini is cautioned that failure timely to respond to motions may, in the future, be considered to be an indication that the motion is unopposed.